## McGill *v.* Middletown Car Company, Appellant.

*Negligence—Master and servant—Unsafe place to work—Contributory negligence.*

In an action by an employee against his employer to recover damages for personal injuries, the question of the defendant's negligence and plaintiff's contributory negligence is for the jury, where the evidence tends to show the injuries were caused to plaintiff by the falling of a pile of iron in the shop where he was working, that the iron had been unloaded from cars in an adjoining yard, that after being sheared into convenient forms, the forms were brought into the shop and placed near a hot stove, that owing to weather conditions these forms were partially covered with ice and snow, and when piled near to the stove they were affected by the heat, and that the ice melted, causing the slipping of the iron and injury to the plaintiff, as he was warming himself at the stove after returning from dinner.

Argued March 14, 1918. Appeal, No. 15, March T., 1918, by defendant, from judgment of C. P. Dauphin Co., Sept. T., 1911, No. 400, on verdict for plaintiff in case of Harry J. McGill v. Middletown Car Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for personal injuries.

At the trial the jury returned a verdict for plaintiff for $1,500.

On a motion for judgment n. o. v., McCARRELL, J., filed the following opinion:

The single question raised by the pending motion is, was there sufficient evidence in this case to warrant the verdict in favor of the plaintiff? He was an employee of the defendant, and on January 4, 1911, was seriously injured in his right ankle by the falling of a pile of iron plates placed near a stove which was set up for the comfort of the employees. The defendant had stored in its yard a quantity of iron plates, eight or ten feet in length, about fourteen inches in width and about one-half inch

in thickness.  These plates were piled up upon pieces of wood resting on the ground.  From eight to ten plates were placed upon these pieces of wood and then other pieces of wood were placed upon the plates.  After eight or ten plates had been placed on these pieces, other pieces of wood were placed upon the plates, and thus by alternately placing plates of iron and pieces of wood piles were made of the iron plates with eight or ten to the group, under each of which groups chains could readily be placed and the several groups lifted by a crane and carried to any place in the shop adjoining the yard.  These groups of iron plates, supported by pieces of wood, were exposed to the weather.  On the day of plaintiff's injury many of the entire groups were moved by crane into defendant's shop and placed upon or near the shearing machine, in or upon which each iron plate was cut into pieces of from fourteen to sixteen inches in length.  These plates had been exposed to the weather and many of them were covered with rain, snow or ice.  The day of the accident was very cold.  The pieces after passing through the shearing machine were removed to the coping machine.  About two or three feet from this coping machine was a stove for the comfort of the men employed.  Two or three piles of the iron plates cut by the shearing machine were piled up near to this stove.  The piles were from twenty-four to thirty inches in height.  The plaintiff as he came to work after dinner stopped at the stove to warm his hands when one of these piles of iron toppled over and struck the plaintiff's right ankle, which was then so seriously injured that he still suffers therefrom.  The plaintiff contended at the trial that his injury was caused by the defendant's negligence in bringing in these plates of iron covered with water, snow and ice and piling up portions thereof near to a hot stove, where the ice was thawed by the heat and one of the piles slipped or fell by reason thereof against his leg and ankle.  The testimony is undisputed that defendant brought in from its yard the plates of iron which had been exposed to the

weather only a few hours before the accident, and that the plates were all covered, at least in part, with water, snow and ice.   There is testimony that the foreman of the shop was there and directed the removal of the pieces of iron after they came from the shears to the coping machine, which stood within two or three feet of the stove heated for the comfort of the men.   Was this a negligent act?   At the time of the trial we were of the opinion that it was our duty to submit this question to the jury.   From an examination of the testimony, since we declined defendant's request for binding instructions, we are satisfied that we committed no error in submitting the case to the jury.   The testimony that the plates or pieces of iron were wet or icy when taken into the shop of the defendant is practically uncontradicted. Did this condition of the iron require greater care in handling it in the shop?   Did the cutting of the pieces by the shearing machine into smaller portions adapted for the coping machine remove the ice and make it safe to pile the portions near to a heated stove?   These appear to be questions of fact for the jury and not of law for the court.   Some quotations from the testimony will more clearly indicate the situation.   (After quoting the testimony.)

There was testimony which if believed by the jury would warrant them in finding that the plates were usually taken from the shearing machine to the coping machine, and that this was understood by Mr. Christ and by Mr. Beachler.   Mr. Christ, the foreman, was there and could have seen the plates at that time.   Was their condition such as should have induced a man of ordinary prudence and caution to direct that the plates be piled elsewhere than at the coping machine, near to which a heated stove stood?   This was a question which seems to be solely for the jury.   As already stated, we were satisfied at the time of the trial that the case was one for the determination of the jury, and we accordingly so submitted it.   As already stated, we are not satisfied that

we committed any error in permitting the jury to determine the case. There was testimony from which the jury was warranted in finding that the defendant was guilty of negligence and that the plaintiff was not guilty of contributory negligence. We submitted the case to the jury with instructions of which the defendant does not complain, and the jury has found a verdict in favor of the plaintiff for an amount which does not appear to be excessive. Indeed the defendant makes no complaint as to the amount. Defendant's counsel in their carefully prepared brief in favor of the pending motion refer to the case of DeMarco v. Standard Steel Co., 247 Pa. 174, and suggests that this case requires us to enter judgment n. o. v. The difference between that case and this is clear. The frames piled up in that case and which fell were not covered with ice or snow in any condition which would indicate to any one that there was danger in piling them. In this case the condition of the plates was visible to many of the persons who were in the shop, and the jury could properly infer that Mr. Christ, the foreman, saw the condition. This undisputed condition of the plates in the present case, in our opinion, necessarily carried the whole cause to the jury.

In the case of Sidwell v. Gimbel Bros., 52 Pa. Superior Ct. 286, cited in the excellent brief of plaintiff's counsel, an accident occurred in defendant's store from the falling of certain rolls of linoleum placed along an aisle used by the employees and others in defendant's store room. In delivering the opinion of the court President Judge Orlady after citing a number of cases, uses the following language (p. 290) :

"The undisputed evidence determines 'the conditions present and apparent' to be a row of three, four, or five lines of linoleum rolls, standing on end, of from fifteen to twenty-four inches in diameter, six feet in height and weighing from twenty-five to two hundred pounds, without any support by rail or like guard, along an aisle frequently used by trucks, men and women. Was this

due care under the circumstances, was it a reasonable protection to persons who were rightfully using this aisle to allow these heavy rolls with uneven bases, and subject to jar of passersby or trucks, or the vibration of the floor, to remain without superadded support to their weight? In other words, was the upsetting of such a roll a fact 'reasonably to be anticipated' from the general knowledge of natural laws. This is not a question of law, but purely one of act, and the evidence adduced comes up to the standard required by the above decisions."

In the present case "the conditions present and apparent" were some piles of iron plates covered with ice to a greater or less extent piled near a heated stove, used for the comfort of the men. One pile suddenly fell and seriously injured an employee who was using the stove for the purpose for which it had been there placed. No support appears to have been provided to keep any of these piles in a perpendicular position. Was the leaving of these ice-covered plates unsupported near the heated stove negligence for which the defendant is answerable? The jury has found that it was negligence and that under all the circumstances the plaintiff is entitled to recover.

After careful consideration of the entire case we are constrained to dismiss the motion for judgment n. o. v., and direct that judgment be now entered upon the verdict in favor of the plaintiff and against the defendant upon payment of the jury fee.

*Error assigned* was the order of the court.

*John B. Geyer,* with him *John E. Fox,* for appellant.

*Frank Wickersham,* of *Wickersham & Metzger,* for appellee.

OPINION BY ORLADY, P. J., July 10, 1918:

This plaintiff received injuries in an accident which happened in the shops of the defendant company, in January, 1911. The uncontradicted testimony shows that the accident was caused by reason of the falling of a pile of iron. The iron had been unloaded from cars in an adjoining yard, and after being sheared into convenient forms was placed on piles near a hot stove. Owing to the weather conditions these iron plates were partially covered with ice and snow, and when piled next to the stove they were affected by the heat, the ice melted and caused the slipping of the pieces of iron in the pile. One of the contentions on the trial was, and is here, that the arrangement of these plates was such that a man of ordinary prudence and caution would have directed that they be piled elsewhere than at the machine near to the heated stove. There was testimony from which the jury might find that the defendant was guilty of negligence in arranging its material and appliances for use by its employees in such a manner as to produce this result, and also that the plaintiff was not guilty of contributory negligence. But this was earnestly disputed, and it was rightly referred for a jury's determination. A number of points for charge were presented and answered in such a satisfactory manner that they are not assigned for error. The charge of the court was so adequate and fair that no exception was taken to it. Nor does the defendant make complaint of the amount of the verdict. The only assignment of error being that under all of the evidence in the case, the court should have entered judgment for the defendant non obstante veredicto.

The fact in dispute narrowed down to the single question,—Was the leaving of these ice-covered plates, unsupported, near the heated stove such negligence, that the defendant was answerable therefor? These queries and the further question of the plaintiff's contributory negligence, were resolved in favor of the plaintiff, and

after a careful examination of all the testimony, we are satisfied that there was sufficient evidence to require the court to submit it to the jury, and not decide it as a matter of law, and that the plaintiff was not guilty of such contributory negligence as would prevent his recovery.

The carefully considered opinion of the court below in entering judgment for the plaintiff, fully answers the contention of the appellant.

The judgment is affirmed.